Exhibit C

**LAW OFFICES OF KATHERINE N NGUYEN**
Vinh Tran, Esq. (SBN 270159)
10161 Bolsa Avenue, Suite 202A
Westminster, CA 92683
Tel: (714) 263-0350
Fax:(714) 263-0350

Attorney for Plaintiffs,
LINH CAO, MU JEN CHENG, DUNG DUONG, MIE SHONG LIN,
MARY HERNANDEZ, VINCENT TA, AND LI CHING WANG

ELECTRONICALLY FILED
Superior Court of California,
County of Orange
03/24/2015 at 01:41:00 PM
Clerk of the Superior Court
By Davon Velasquez, Deputy Clerk

# SUPERIOR COURT OF THE STATE OF CALIFORNIA

## COUNTY OF ORANGE

## CENTRAL JUSTICE CENTER

| | |
|---|---|
| LINH CAO, an individual; MU JEN CHENG, an individual; DUNG DUONG, an individual; MARY HERNANDEZ, an individual; MIE SHONG LIN, aka YUNG-CHING HUANG HSIEH, an individual; VINCENT TA, an individual; and LI CHING WANG, an individual;<br><br>Plaintiffs,<br><br>vs.<br><br>TIME SQUARED GLOBAL, LLC., a Nevada limited liability company; TIME SQUARED GROUP, INC., a Washington corporation; SMGLOBAL, INC., a Washington corporation; SEONG HYOUNG PARK, aka HAROLD PARK, an individual; MEESEON LEE, aka ERICA LEE, an individual; and DOES 1 through 10, inclusive.<br><br>Defendants. | CASE NO. 30-2014-00747185-CU-FR-CJC<br>Judge Geoffrey Glass<br>Dept. C32<br><br>**SECOND AMENDED COMPLAINT FOR:**<br><br>1. **ACTUAL FRAUD AND DECEIT**<br>2. **BREACH OF CONTRACT**<br>3. **INJUNCTION**<br>4. **UNJUST ENRICHMENT/ RESTITUTION**<br><br>Complaint filed: 10/3/2014 |

COMES NOW, Plaintiffs, LINH CAO, MU JEN CHENG, DUNG DUONG, MARY HERNANDEZ, MIE SHONG LIN, VINCENT TA, and LI CHING WANG, alleging causes of

---

SECOND AMENDED COMPLAINT
1

actions against Defendants, TIME SQUARED GLOBAL, INC., TIME SQUARED GROUP, INC., SMGLOBAL, INC., SEONG HYOUNG PARK, aka HAROLD PARK, and MEESEON LEE, aka ERICA LEE, and DOES 1 through 10, as follows:

## PRELIMINARY ALLEGATIONS

1. The true names and capacities, whether individual, corporate, associate, or otherwise of the Defendants designated herein as DOES 1 through 10, inclusive, are unknown to Complainants, who therefore sue said Defendants by such fictitious names, and who will seek leave of court to amend this Complaint to set forth their true names and capacities, together with the appropriate charging allegations, when the same have been ascertained. Complainants are informed and believe, and based thereon allege, that Defendants DOES 1 through 10, inclusive, are responsible to Complainants on the facts and theories alleged herein.

2. At all relevant times, each Defendant was the agent, servant, and/or employee of each of the remaining Defendants, and was acting within the course and scope of said agency and employment.

3. Complainants are informed and believe, and based thereon allege, that each of the Defendants is negligently or in some other manner responsible for the events and happenings to which is reference is made herein, and that each Defendant caused injury or damages to Complainants as alleged herein.

4. This Complaint arises from a sophisticated multi-level marketing scam involving the purported mining of "Bitcoin" orchestrated by Defendant, TIME SQUARED GLOBAL, LLC, a company representing that it "designs and produces ASIC chips for mining of Crypto-Currencies", in which the other Defendants also participated, either intentionally or negligently. Defendants offered to lease to investors single unit chips for the period of six months, during which investors were promised daily revenues from the mining of "Bitcoin" by each chip daily over the six month period of time. Defendants also aggressively promised investors commissions and revenue for bringing in other investors. Defendants never performed any of these promises, and Plaintiffs believe and allege that these "ASIC chips" do not even exist, and that Defendants were orchestrating a "pyramid scam" whereby any payments made to old

investors were from proceeds taken from new investors. Plaintiffs only discovered the true facts and the pattern of fraud in June, 2014. Plaintiffs are informed and believe that many other victims are similarly situated.

5. At all times material hereto, Plaintiff LINH CAO, was, and still is, a resident of the State of California and the County of Los Angeles.

6. At all times material hereto, Plaintiff MU JEN CHENG, was, and still is, a resident of the Country of Taiwan.

7. At all times material hereto, Plaintiff DUNG DUONG, was, and still is, a resident of the State of New Mexico and the County of Bernalillo.

8. At all times material hereto, Plaintiff MARY HERNANDEZ, was, and still is, a resident of the State of California and the County of Los Angeles.

9. At all times material hereto, Plaintiff MIE SHONG LIN, aka YUN-CHING HUANG HSIEH, was, and still is, a resident of the country of CHINA.

10. At all times material hereto, Plaintiff VINCENT TA, was, and still is, a resident of the State of California and the County of Orange.

11. At all times material hereto, Plaintiff LI CHING WANG, was, and still is, a resident of the State of California and the County of Los Angeles.

12. At all times material hereto, Defendant, TIME SQUARED GLOBAL, LLC., was, and still is a Nevada limited liability company, registered and existing under the laws of the State of California, active and still doing business, in the County of Orange, with an office located at 30 Corporate Park, #303, Irvine, CA, 92606 as well as an entity address of 13302 Earle Dr., Garden Grove, CA, 92844 registered with the California Secretary of State.

13. At all times material hereto, Defendant, TIME SQUARED GROUP, INC., was, and still is a Washington corporation, registered and existing under the laws of the State of Washington, active and still doing business with an entity address of 13703 NE 10th Pl., Apt. 10-205, Bellevue, Washington, 98005.

14. At all times material hereto, Defendant, SMGLOBAL, INC., was, and still is a Washington corporation, registered and existing under the laws of the State of Washington,

active and still doing business with an entity address of 13703 NE 10th Pl., Apt. 10-205, Bellevue, Washington, 98005.

15. Plaintiffs are informed and believe, and on that basis allege that at all times material hereto, Defendant, SEONG HYOUNG PARK, aka HAROLD PARK (referred to as "PARK" hereinafter), was, and still is, a resident of the State of Washington.

16. Plaintiffs are informed and believe, and on that basis allege that at all times material hereto, Defendant, MEESEON LEE, aka ERICA LEE (referred to as "LEE" hereinafter), was, and still is, a resident of the State of Washington.

17. At all times material hereto Defendants, PARK and LEE, represented themselves to be the owners and officers of Defendant, TIME SQUARED GLOBAL, LLC., to be referred to collectively as "Defendants".

18. Plaintiffs are informed and believe, and on that basis allege that at all times material hereto, that Defendants, TIME SQUARED GROUP, INC. and SMGLOBAL, INC., are all corporate entities that are owned and operated by Defendants, PARK and LEE.

19. In April of 2014, Plaintiffs were introduced to Defendant, TIME SQUARED GLOBAL, LLC., by third party referrals. Defendants at that time represented to Plaintiffs that they were involved in the mining of "Crypto-Currencies", "Bitcoin" being one of these currencies. Defendants represented that Plaintiffs could invest in the leasing of single unit chips for the period of six months, during which time each chip would mine "Bitcoin" on a daily basis. Defendants promised that this daily mining of "Bitcoin" would result in daily revenue for each investor. After, Plaintiffs invested in leasing a chip, Defendants then setup each Plaintiff with a "back office account" setup on Defendants' website (www.timesquaredglobal.com), whereby Plaintiffs could monitor their daily revenue. Defendants then promised that Plaintiffs could make requests monthly to withdraw the revenue generated from the purported daily mining of "Bitcoin" by each chip.

20. Defendants, promised that each chip would generate a daily revenue of $20.00, for each and every day of the six month lease period.

---

SECOND AMENDED COMPLAINT
4

21. Defendants further promised investors significant commission for bringing in new investors. The price for leasing a single unit chip for six months was $2,560.00, Defendants promised investors that for each new investor that leased a chip brought in by an investor would generate a $500.00 commission. Further, Defendants promised the same commission would be available to each investor for every additional unit leased by them. Defendants further setup an elaborate multi-level marketing commission scheme, whereby if an investor brought in or themselves leased two more chips, the chips would be designated as units below their investment tree, and further the chips would be designated as one to the left and one to the right, and for each pair of these an investor was promised $120.00 as commission, which Defendants termed as "binary" commissions.

22. Plaintiffs are informed and believe, and on that basis allege that all these representations and promises made by Defendants were false and were intentional misrepresentations made to lure Plaintiffs into investing with Defendants.

23. Based on the false representations of Defendants, in April of 2014, Plaintiffs, all invested moneys into Defendant, TIME SQUARED GLOBAL, LLC., in the following amounts:

        A. Plaintiff, LINH CAO invested $79,360.00.

        B. Plaintiff, MU JEN CHENG invested $76,800.

        C. Plaintiff, DUNG DUONG invested $7,680.00

        D. Plaintiff, MARY HERNANDEZ invested $56,410.00

        E. Plaintiff, MIE SHONG LIN invested $51,200.00

        F. Plaintiff, VINCENT TA invested $136,740.00.

        G. Plaintiff, LI CHING WANG invested $38,400.00.

All these payments were directly deposited into Defendants' Wells Fargo banking account per Defendants' instructions to plaintiffs.

24. On or about May of 2014, Plaintiffs made requests to withdraw their promised revenues. Defendants at that time failed to pay any of the promised revenues to Plaintiffs.

25. On or about June of 2014, Plaintiffs were unable to access their "back office accounts" on Defendant, TIME SQUARED GLOBAL, LLC's website, and lost the ability to monitor their investments.

26. On or about June of 2014, Defendants held a meeting at their office in Irvine, after numerous investors were demanding their promised revenues. During the meeting, Defendants made representations to Plaintiffs, that Plaintiffs' inability to access their accounts and to receive revenues, were due to Defendants' planned relocation and investment into a new facility purported to be in the City of Seattle, Washington, and that the failure to pay the promised revenues was only temporary.

27. Since June of 2014 to the present time, Plaintiffs still have not been able to receive any of their promised revenues, or to even access their accounts, and all their demands for payment have been ignored by Defendants.

28. Defendants agreed and understood that Plaintiffs relied on their false representations.

29. Defendants have at the time of the filing of this Complaint, failed to make any payments of the promised revenue, and failed to answer Plaintiffs' demands for the return of their investments.

30. As a consequence of Defendants false representations, Plaintiffs have suffered harm and damages, therefore Defendants, and DOES 1 through 10 are jointly and severally liable for any damages that may have thereby resulted.

31. Plaintiffs are further informed and believe, and thereon allege, that Defendants have lured numerous other investors into their "pyramid scheme" under similar pretenses, who have likewise not been paid. Defendants are still currently operating their website, further luring more innocent investors into their fraudulent scheme. Further, that a multiplicity of actions is threatened unless immediate relief can be obtained from this Court and potentially other jurisdictions restraining the conveyance of funds held by Defendants and enjoining Defendants continuing activities and operations, until the respective equities and priorities of the investors can be judicially determined.

# FIRST CAUSE OF ACTION

## (ACTUAL FRAUD - CA Civil Code § 1572; DECEIT - CA Civil Code § 1710)

32. Plaintiffs allege, and incorporate herein by reference, each of the allegations set forth in paragraphs 1 through 31 as though fully set forth herein.

33. On or about April of 2014, Plaintiffs justifiably relied upon the representations made by Defendants that the leasing of chips from Defendants to mine "Bitcoin" would generate daily revenues. Plaintiffs further justifiably relied upon the representation made by Defendants to pay Plaintiffs commissions for bringing in new investors to lease more chips, or to receive further commission for themselves leasing more chips. In reliance upon these representations, Plaintiffs invested and paid to Defendants numerous amounts of money.

34. The representations of Defendants stated above were all false and were known to be false at the time they were made. Defendants true intentions were to never pay Plaintiffs their promised revenues or commissions; to lure money from other investors under similar pretenses, making them all similar promises; and to take and convert Plaintiffs' money and the money of multiple others for

their own personal purposes. In fact, this was part of an elaborate pyramid scheme.

35. Plaintiffs were unaware at all times relevant to this Complaint of Defendants' plan to defraud them.

36. Plaintiffs are informed and believe and thereon allege that Defendants misrepresented their true intent, that these misrepresentations were material, and that these misrepresentations were made with the intent to induce Plaintiffs to expend time, money, and labor to unjustly enrich Defendants.

37. As a direct and proximate cause of Defendants' misrepresentations, Plaintiffs have suffered damages by reason of the above, in a sum to be proven at time of trial.

38. In doing things set forth above, Defendants and each of them acted in bad faith and with an oppressive, fraudulent and or malicious intent to injure Plaintiffs, entitling Plaintiffs to an award of exemplary and punitive damages.

///

## SECOND CAUSE OF ACTION
## (BREACH OF CONTRACT)

39. Plaintiffs allege, and incorporate herein by this reference, each of the allegations set forth in paragraphs 1 through 38 as though fully set forth herein.

40. Plaintiffs allege that the contracts entered into between Plaintiffs and Defendants in April of 2014 are valid, binding, express agreements between the parties whereby Defendants and Plaintiffs entered into agreements whereby Defendants received numerous amounts of money from Plaintiffs for the leasing of chips to mine "Bitcoin".

41. Plaintiffs performed all conditions, covenants and promises on their part to be performed under the contract, except those which they were excused or prevented from performing.

42. Defendants, and each of them, have breached the contract in many respects, including, but not limited to, failing to make payments of the promised revenue and commissions.

43. As a direct, proximate and legal result of Defendants' breaches of the contracts, Plaintiffs have suffered and continued to suffer loss, general and special damages, in amounts that exceed the minimum jurisdiction of this Court, and which will be shown by proof at the time of trial, plus interest at the maximum legal rate thereon.

## THIRD CAUSE OF ACTION
## (INJUNCTION)

44. Plaintiffs allege, and incorporate herein by this reference, each of the allegations set forth in paragraphs 1 through 43 as though fully set forth herein.

45. Plaintiffs are informed and believe, and thereon allege, that the primary source for the satisfaction of debts owed to Plaintiffs by Defendants, is the Wells Fargo Bank account held by Defendants, where Plaintiffs were instructed to directly deposit their investment payments referenced in paragraph 18 of this Complaint.

46. At present, there is nothing to prevent Defendants from concealing or dissipating the sums of monies Defendants' have gained from their fraudulent scheme. Plaintiffs are further

informed and believe and thereon allege that there are numerous more funds in the account taken from numerous other persons yet unknown that have been victimized as well.

47. Plaintiffs are informed and believe, and thereon allege, that Defendants are still operating their scheme further luring more victims into their scam. Defendants' website is still operational and continuing to further propagate its misrepresentations.

48. Such acts, unless enjoined, will cause Plaintiffs and others similarly situated great and irreparable injury for which they have no plain, speedy or adequate remedy at law. Accordingly there is a need for temporary, preliminary and permanent injunctive relief restraining further conveyance or dissipation of funds from Defendants' Wells Fargo bank account, and to restrain Defendants from continuing operation of their fraudulent activity.

## FOURTH CAUSE OF ACTION
## (UNJUST ENRICHMENT / RESTITUTION)

49. Plaintiffs allege, and incorporate herein by this reference, each of the allegations set forth in paragraphs 1 through 48 as though fully set forth herein.

50. The action of Defendants and each of them, in their representations and agreements, resulted in Defendants being unjustly enriched to the extent that they profited by their misfeasance and malfeasance. Accordingly, Defendants should by equitably compelled to disgorge all sums received from Plaintiffs, together with interest at the legal rate.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray for judgment against Defendants, and each of them, as follows:

1. In the First Cause of Action, for an award of damages according to proof and for an award of punitive damages;

2. In the Second Cause of Action, for an award of damages in the amount of $1,207,450.00 according to proof;

3. In the Third Cause of Action, for temporary, preliminary, and permanent injunctive relief restraining Defendants from transferring or attempting to

dissipate funds from the Wells Fargo account, and further relief restraining Defendants from the continuing operation of their scheme, until final determination of the respective interests and priorities of the parties:

4. In the Fourth Cause of Action, for damages in the amount of $446,590.00 according to proof;

5. For interests on the above at the legal rate, as may be appropriate;

6. For Plaintiffs' attorney fees;

7. For costs of suit incurred herein; and

8. For such other and further relief as this Court may deem just and proper.

DATED: March 10, 2015                LAW OFFICES OF KATHERINE N NGUYEN

By: _____

Vinh Tran, Attorney for Plaintiffs,

LINH CAO, MU JEN CHENG, DUNG DUONG,

MARY HERNANDEZ, MIE SHONG LIN,

VINCENT TA, and LI CHING WANG